United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30282
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD M. WHITE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CR-50070-15
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gerald M. White was convicted pursuant to a guilty plea of conspiring to possess cocaine with intent to distribute. He was sentenced to 12 months and a day in prison and a three-year term of supervised release. White's supervised release was revoked, and he now appeals the two-year term of imprisonment imposed following that revocation.

White contends that the district court reversibly erred in imposing his revocation sentence. He argues that the circumstances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his case do not warrant the statutory maximum two-year term of imprisonment imposed in his case.

The two-year term of imprisonment imposed following revocation of White's supervised release does exceed the sentencing range indicated by the policy statements in Chapter Seven of the United States Sentencing Guidelines, but it does not exceed the statutory maximum term of imprisonment that the district court could have imposed. <u>See</u> 18 U.S.C. § 3583(e)(3). Accordingly, White's revocation sentence was neither "unreasonable" nor "plainly unreasonable." <u>See</u> <u>United States v. Hinson</u>, 429 F.3d 114, 120 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1804 (2006). White has not shown reversible error.

AFFIRMED.